2007 WY 8

**BOARD OF PROFESSIONAL RE-SPONSIBILITY, WYOMING STATE BAR, Petitioner,**

v.

**Frank R. CHAPMAN, Attorney No. 5–1500, Respondent.**

**No. D–06–10.**

Supreme Court of Wyoming.

Jan. 17, 2007.

### ORDER OF PUBLIC CENSURE

**This matter** came before the Court upon a "Report and Recommendation for Public Censure," filed herein December 26, 2006, by the Board of Professional Responsibility for the Wyoming State Bar. The Court, after a careful review of the Board of Professional Responsibility's Report and Recommenda-tion, the Respondent's "Section 16 Affidavit," Bar Counsel's "Motion for Public Censure and to File a Report and Recommendation for Discipline," and the file, finds that the Report and Recommendation should be approved, confirmed and adopted by the Court; and that Respondent Frank R. Chapman should be publicly censured in the manner set forth in the Report and Recommendation. It is, therefore,

**ADJUDGED AND ORDERED** that the Board of Professional Responsibility's Report and Recommendation for Public Censure, which is attached hereto and incorporated herein, shall be, and the same hereby is, approved, confirmed, and adopted by this Court; and it is further

**ADJUDGED AND ORDERED** that Frank R. Chapman shall receive a public censure for his conduct, and he shall be publicly censured in a manner consistent with the recommended censure contained in the Report and Recommendation for Public Censure; and it is further

**ORDERED** that, on or before June 1, 2007, Frank R. Chapman shall complete five additional hours of ethics CLE. Such CLE must address discovery/privilege issues and must be pre-approved by Bar Counsel. This CLE requirement is in addition to the mandatory CLE requirements; and it is further

**ORDERED** that, pursuant to Section 26 of the Disciplinary Code for the Wyoming State Bar, Frank R. Chapman shall reimburse the Wyoming State Bar the amount of $49.68, representing the costs incurred in handling this matter, as well as pay the administrative fee of $500.00. Mr. Chapman shall pay the total amount of $549.68 to the Clerk of the Board of Professional Responsibility on or before March 1, 2007; and it is further

**ORDERED** that the Clerk of this Court shall docket this Order of Public Censure, along with the incorporated Report and Recommendation for Public Censure, as a matter coming regularly before this Court as a public record; and it is further

**ORDERED** that, pursuant to Rule 4(c) of the Disciplinary Code for the Wyoming State Bar, this Order of Public Censure, along with

the incorporated Report and Recommendation for Public Censure, shall be published in the Wyoming Reporter and the Pacific Reporter; and it is further

**ORDERED** that the Clerk of this Court cause a copy of the Order of Public Censure to be served upon Respondent Frank R. Chapman; and it is further

**ORDERED** that the Clerk of this Court transmit a copy of this Order of Public Censure to members of the Board of Professional Responsibility, and the clerks of the appropriate courts of the State of Wyoming.

**DATED** this 16th day of January, 2007.

**BY THE COURT:**
/s/ Barton R. Voigt
**BARTON R. VOIGT**
**Chief Justice**

BEFORE THE BOARD OF PROFESSIONAL RESPONSIBILITY WYOMING STATE BAR STATE OF WYOMING

In the matter of FRANK R. CHAPMAN,
WSB Attorney No. 5-1500,
Respondent.

Docket Nos. 2006-26

**REPORT AND RECOMMENDATION FOR PUBLIC CENSURE**

The Board of Professional Responsibility makes the following report and recommendation for public censure and additional discipline, with its findings of fact, conclusions of law, and recommendation to the Supreme Court of Wyoming:

### FINDINGS OF FACT

1. Respondent is currently an active member of the Wyoming State Bar and has been since 1976. Respondent resides in Casper, Wyoming.

2. In the spring of 2005, Respondent represented plaintiffs in a lawsuit which alleged defamation by defendants. In the course of Respondent's investigation of the matter, during a phone call, Respondent re-recorded an audio tape of statements made by one of two defendants which had originally been recorded by a third party.

3. During formal written discovery from August to December 2005 by defendants, Respondent revealed the contents of the tape but did not reveal the existence of the audio tape or provide it to defendants even though questions and requests were propounded which required that information to be revealed and that tape to be provided. Instead, Respondent objected on the basis of work product privilege and did not reveal the existence of the tape. Respondent eventually revealed the existence of the tape and provided a copy of it.

4. Subsequently, defendants filed a motion "in aid of discovery". The Court awarded sanctions (in the form of attorney fees) against Respondent's law firm in the amount of $5000.00. That amount has been paid.

5. Respondent's conduct in failing to reveal the existence of the tape and failing to provide a copy of it to the opposing party in a timely manner violated Rule 3.4(d) of the Wyoming Rules of Professional Conduct.

### CONCLUSIONS OF LAW

6. Standard 6.23 of the ABA Standards for Imposing Lawyer Sanctions discusses the acts which result in a public censure for violations of Rule 3.4(d): "Reprimand [or public censure] is generally appropriate when a lawyer negligently fails to comply with a court order or rule, and causes injury or potential injury to a client or other party, or causes interference or potential interference with a legal proceeding."

7. ABA Standards for Imposing Lawyer Sanctions 9.1 provides for consideration of aggravating and mitigating circumstances in deciding on an appropriate sanction. Section 9.21 defines aggravating circumstances as "any consideration, or factors that may justify an increase in the degree of discipline to be imposed." Section 9.31 defines mitigating circumstances as "any considerations, or factors that may justify a reduction in the degree of discipline to be imposed."

  a. Applicable aggravating factors in this case are:

    i. Section 9.22(i)——substantial experience in the practice of law.

  b. Applicable mitigating factors are:

**184**

i. Section 9.32(a)—absence of a prior disciplinary record, and

ii. Section 9.32(k)—imposition of other penalties or sanctions.

### RECOMMENDATION TO THE SUPREME COURT OF WYOMING

8. As an appropriate sanction for his violations of Wyoming Rules of Professional Conduct, it is recommended that:

a. Respondent receive a public censure which states as follows:

"Casper attorney Frank R. Chapman received a formal public censure by order of the Wyoming Supreme Court on _____. Mr. Chapman violated Rule 3.4(d) of the Wyoming Rules of Professional Conduct by failing to reveal the existence of an audio tape to opposing attorneys when written discovery called for that information to be provided to the opposing party. The contents of the tape were timely revealed but the existence of the tape itself was not. The Wyoming Rules of Professional Conduct regulate the conduct of Wyoming attorneys. In mitigation, Mr. Chapman fully cooperated with the Bars investigation, accepted responsibility for failing to timely disclose the existence of the disputed tape, and has never had any other complaints to the Bar by either clients or other persons against him.

Mr. Chapman stipulated to these facts and consented to this discipline. The Board of Professional Responsibility approved the stipulation, recommending that the Wyoming Supreme Court publicly censure Mr. Chapman and require that he attend additional continuing legal education. After reviewing the record and recommendation, the Wyoming Supreme Court entered its order publicly censuring Mr. Chapman, requiring him to attend additional continuing legal education, and requiring him to pay some of the costs of the Wyoming State Bar for prosecuting this matter."

b. Respondent will reimburse the Wyoming State Bar for the costs of handling this matter and pay the administrative fee of $500.00 no later than 1 January 2007.

c. Respondent will complete 5 additional CLE hours by 1 June 2007 regarding discovery/privilege issues which must be pre-approved by Bar Counsel. These are in addition to the usual 15 hours required annually.

This decision is unanimously made by a quorum of the Board of Professional Responsibility. It is therefore so recommended December 26, 2006.

/s/ Joe Teig
Joe Teig, Chair
Board of Professional Responsibility